DORSEY & WHITNEY LLP
Tamara Carmichael
Bruce R. Ewing
Fara S. Sunderji
51 West 52nd Street
New York, New York 10019
(212) 415-9200

*Attorneys for Plaintiff Harpo, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— X | | |
| HARPO, INC., | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | **COMPLAINT AND** |
| | : | **DEMAND FOR JURY** |
| KELLIE CARTER JACKSON, LEAH | : | **TRIAL** |
| WRIGHT RIGUEUR and ROULETTE | : | |
| PRODUCTIONS LLC, | : | |
| | : | |
| Defendants. | : | |
| ———————————————— X | | |

Plaintiff, Harpo, Inc. ("Harpo" or "Plaintiff"), for its Complaint against Defendants Kellie

Carter Jackson, Leah Wright Rigueur and Roulette Productions LLC (collectively, "Defendants"),

states as follows:

<u>**INTRODUCTION AND SUMMARY OF RELIEF REQUESTED**</u>

1.      Plaintiff Harpo is a privately held entertainment and media company founded by

Ms. Oprah Winfrey.  Ms. Winfrey is one of the most well-known media personalities and

entrepreneurs in America and/or beyond.  Her fame is so extensive that she is instantly

recognized by her first name Oprah alone.  Harpo is Oprah spelled backwards.  Harpo is the

owner of the OPRAH and O family of trademarks.  Over the past thirty-five plus years, the

OPRAH brand has become well known and famous.

2.      Without authorization, Defendants Jackson and Rigueur commenced use of the confusingly similar and coined OPRAHDEMICS trademark in connection with a podcast series and other entertainment and media content, including live events.  Defendants use the trademark OPRAHDEMICS and the following O logo (the "Oprahdemics O Logo") in connection with their services and content on various platforms and for live events:



3.      The first season of the OPRAHDEMICS podcast series culminated in a live show at the Tribeca Film Festival on June 15, 2022 at the SVA Theatre located at 333 West 23rd Street in New York City. Following this event, Defendants Jackson and Rigueur hosted another event on Instagram Live on July 12, 2022.

4.      Upon information and belief, Defendant Roulette Productions LLC ("Roulette") owns the domain name registration for oprahdemics.com on which the website for the OPRAHDEMICS brand appears, on behalf of Defendants Jackson and Rigueur.

5.      Harpo has commenced this action, the sole purpose of which is to protect its trademark rights.  Harpo does not seek monetary damages or profits available under applicable law from Defendants' wrongful acts of building a media and entertainment brand by capitalizing on the goodwill of the OPRAH and O family of trademarks.  Nor does Harpo seek to prohibit Defendants from airing a podcast series on their chosen topic.  However, Harpo submits that the

Court should enjoin Defendants from wrongfully creating a new brand incorporating Harpo's trademarks and making trademark use which is dilutive of and constitutes misuse of Harpo's OPRAH and O family of trademarks and explicitly misleads consumers as to the source and/or sponsorship of Defendants' branded offerings.

## THE PARTIES

6.      Plaintiff Harpo is an Illinois corporation, with its principal place of business at 1041 N Formosa Avenue, West Hollywood, California 90046.  Harpo is the owner of the OPRAH and O family of trademarks.

7.      Defendant Kellie Carter Jackson is the executive producer and co-host of the OPRAHDEMICS podcast series and co-host of the OPRAHDEMICS live events.   Upon information and belief, Jackson is an individual residing in the Commonwealth of Massachusetts.

8.      Defendant Leah Wright Rigueur is the co-host of the OPRAHDEMICS podcast series and co-host of the OPRAHDEMICS live events.  Upon information and belief, Rigueur is an individual residing in the Commonwealth of Massachusetts.

9.      Upon information and belief, Defendant Roulette Productions LLC ("Roulette") is the owner of the domain name oprahdemics.com.  Upon information and belief, Defendant Roulette is a New York limited liability company, with an address at 447 42nd St., 2nd Fl., Brooklyn, NY 11232.

## JURISDICTION AND VENUE

10.      Harpo's claims arise under the Trademark Act of 1946, 15 U.S.C. §1051, *et seq*. (the "Lanham Act") and the Anticybersquatting Consumer Protection Act (the "ACPA") incorporated into the Lanham Act, 15 U.S.C. § 1125(d), and under New York State law.

11. This Court has original jurisdiction over Harpo's Lanham Act and ACPA claims pursuant to 15 U.S.C. §§ 1114, 1121, 1125 and 28 U.S.C. §§ 1331 and 1338.

12. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state law and common law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case and/or controversy and derive from a common nucleus of operative facts.

13. Upon information and belief, this Court has personal jurisdiction over Defendant Roulette under New York CPLR 301 and 302 by virtue of its physical location in this State and its transaction of business within the State of New York.

14. Upon information and belief, this Court has personal jurisdiction over Defendants Jackson and Rigueur under New York CPLR 302 because of their commission of tortious conduct as described herein in the State of New York and this District.  On information and belief, the actions of Defendant Roulette with respect to oprahdemics.com are directed and controlled by Defendants Jackson and Rigueur.  By virtue of these actions, all Defendants have purposefully availed themselves of the privilege of conducting business in this State and in this District and are subject to jurisdiction in this Court.

15. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Harpo's claims occurred in this judicial district.

## FACTUAL BACKGROUND

### HARPO'S TRADEMARKS

16.     The OPRAH brand rose to prominence in earnest in 1986, with the premiere of *The Oprah Winfrey Show* ("*TOWS*").  Over the decades, Harpo and/or its predecessor(s) in interest have and continue to market and/or offer branded entertainment services, media services, educational services and/or related goods and services under the OPRAH and related O trademarks. Harpo also licenses the OPRAH and O family of trademarks after careful consideration and vetting to make sure the products and/or services meet the brand's standards. While the final episode of *TOWS* aired on television in 2011 after twenty-five successful seasons, the OPRAH brand continues to grow and has been associated with other television shows, the OWN television network, magazines, a podcast series, a book club, films, social media content, live events in New York City and around the country, and various other forms of media and entertainment goods and/or services.  Similarly, variations of an O logo, which is distinctive of Harpo, have been used and are associated with a wide variety of media content offered by Harpo and/or its licensees.  By way of example only, Oprah's Book Club uses the following O logo on its popular Twitter account:



17.     Over the years, New York City was a major market for *TOWS* and continues to be a high profile center for the consumption of entertainment and educational content branded under and/or affiliated with the OPRAH and O family of marks.  For example, on or about February 5 2019, Ms. Winfrey hosted an OPRAH'S SUPER SOUL CONVERSATIONS live event at the

PlayStation Theater in New York.  The live event is an extension of the podcast series SUPER SOUL SUNDAY.

18.     Simply being associated with the OPRAH brand has, in many cases, led to an exponential increase in a product's or service's sales.  This has been colloquially referred to as the "The Oprah Effect" or "The O Factor," as was examined in the 2009 documentary on CNBC titled *The Oprah Effect*.

19.     Harpo is the owner of a family of OPRAH and O trademarks, including, but not limited to common law marks and the following marks registered with the United States Patent and Trademark Office:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| OPRAH | 1726373 | October 20, 1992 | "entertainment services rendered through the medium of television in the nature of a variety talk show series" in International Class 41 |
| OPRAH | 2521889 | December 25, 2001 | "Computer services, namely, information via a web site featuring information on the subject matter of Applicant's television programs, films and videos, food and books via the Internet" in International Class 41, "Computer services, namely, information via a web site featuring health, nutrition, fitness, volunteerism for charities, charitable work and philanthropic lifestyles via the Internet" in International Class 42 |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
|  (OPRAH in script font) | 3377275 | March 30, 2010 | "Providing an Internet website featuring information in the field of charitable services, namely, volunteer programs and community service projects; providing an Internet website promoting public awareness of environmental issues and initiatives" in International Class 35, "Providing an Internet website featuring information in the field of personal finance and charitable causes, namely, philanthropic monetary donation programs" in International Class 36, "Providing an Internet website featuring information in the field of home improvement" in International Class 37, "Providing an Internet website featuring information in the field of travel" in International Class 39, "Providing an Internet website featuring information in the field of entertainment, books and book clubs, education, human interest stories and topics, and party planning, and featuring information on the subject matter of Applicant's television programs and radio programs; providing an Internet website featuring information in the field of exercise" in International Class 41, "Providing an Internet website featuring information in the field of home decorating" in International Class 42, "Providing an Internet website featuring recipes and cooking information" in International Class 43, "Providing an Internet website featuring information in the field of beauty, health, wellness and prevention, and weight loss" in International Class 44, "Providing an Internet website featuring information in the field of self improvement, lifestyle, relationships, and fashion" in International Class 45 |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| OPRAH.COM | 3765841 | March 30, 2010 | "Entertainment services rendered through the medium of television, namely, a series of programs involving book discussion groups, and meetings and discussions with authors, relating to books, authors and reading; computer on-line services, namely, providing an Internet website featuring interactive book discussions and entertainment and educational information relating to books, authors and reading" in International Class 41 |
| THE OPRAH WINFREY SHOW | 2638506 | October 22, 2002 | "Entertainment services rendered through the medium of television in the nature of a variety talk show series; and computer services, namely, providing information via an Internet web site featuring information on the subject matter of Applicant's television programs, films and videos, food, and books" in International Class 41, "Computer services, namely, providing information via an Internet web site featuring health, nutrition, fitness, volunteerism for charities, charitable work and philanthropic lifestyles" in International Class 42 |
| OPRAH'S BOOK CLUB | 3246379 | May 29, 2007 | "Series of fiction and non-fiction books in the fields of lifestyle, fitness, family, beauty, nutrition, diet, romance, relationships, history and fashion; newsletters featuring information on book clubs" in International Class 16, and " Entertainment services rendered through the medium of television, namely, a series of programs involving book discussion groups, and meetings and discussions with authors, relating to books, authors and reading; computer on-line services, namely, providing an Internet website featuring interactive book discussions and entertainment and educational information relating to books, authors and reading" in International Class 41 |
| OPRAH'S FAVORITE THINGS | 3078245 | April 11, 2006 | "Entertainment services rendered through the medium of television, namely, an ongoing series of variety television programs featuring the goods and services of others" in International Class 41 |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| OPRAH'S FAVORITE THINGS | 5093766 | December 6, 2016 | "Providing a website featuring consumer information about the goods and services of others via the internet; Providing on-line web directory services featuring hyperlinks to websites for goods and services of others; Providing shoppers' guide information" in International Class 35, and "Providing a website featuring on-line non-downloadable articles in the field of curated list of the goods and services of others" in International Class 41 |
| OPRAH'S LIFECLASS | 4219210 | October 2, 2012 | "Entertainment services, in the nature of an on-going television series in the fields of human behavior, relationships, self-help, spirituality, personal growth and motivation, personal finance, philanthropic efforts and volunteerism; educational services, namely, providing information on the Internet and on-line seminars in the fields of human behavior, relationships, self-help, spirituality, personal growth and motivation, personal finance, philanthropic efforts and volunteerism" in International Class 41 |
| OPRAH'S NEXT CHAPTER | 4321765 | April 16, 2013 | "Entertainment services, namely, an on-going television series in the fields of human behavior, relationships, self-help, spirituality, personal growth and motivation, personal finance, philanthropic efforts and volunteerism; Entertainment media production services for television and Internet; Providing entertainment information via websites and web pages; Providing on-line interviews with celebrities, athletes, politicians and other noteworthy persons for entertainment purposes" in International Class 41 |
| OPRAH'S SUPER SOUL CONVERSATIONS | 5642150 | January 1, 2019 | "Entertainment services, namely, providing podcasts in the field of human behavior, relationships, religion, faith, spirituality, wellness and conscious living, personal fulfillment, personal growth and motivation" in International Class 41 |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| OPRAH'S THE LIFE YOU WANT | 6428495 | July 20, 2021 | "Providing a web site featuring information relating to fitness; Providing on-line newsletters in the field of nutrition, weight loss, health, wellness and fitness via email" in International Class 41, and "Providing a website featuring information about health, wellness, nutrition and weight loss" in International Class 44 |
| OPRAH MEDIA GROUP | 5304997 | October 10, 2017 | "Media buying services for others, namely, advising the client how much media time, and at what times the client should be purchasing advertising; market media research and media marketing consultation; agencies for advertising time and space, namely, planning, buying and negotiating commercial contracts for advertising and media space and time for others; business management and consulting services in the field of advertising, marketing communications, interactive and digital media, media planning and buying for advertising; market research and market analysis; Advertising services via digital and online mediums; advertising agency services" in International Class 35, and "Entertainment media production services for television and Internet; Entertainment services, namely, development, creation, recordation, production, postproduction and distribution of monoscopic and stereoscopic, electronic and digital audio and video programs, radio programs, television programs, and telefilms; production services, namely, the provision of sound stage facilities services for producing video, cinema and photography productions" in International Class 41 |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| OPRAH WINFREY NETWORK | 4368870 | July 16, 2013 | "Communications services, namely, transmitting streamed sound and audio-visual recordings via the Internet, cable networks, wireless networks, satellite, or interactive multimedia networks; audio and video broadcasting services over the Internet; transmission of information in the audio-visual field; television broadcasting services; cable television broadcasting; satellite television broadcasting; mobile media services in the nature of electronic transmission of entertainment media content; podcasting services; webcasting services; video-on-demand transmission services; providing on-line chat rooms and electronic bulletin boards for transmission of messages among users in the field of general interest" in International Class 38 |
| OPRAH WINFREY NETWORK | 4368871 | July 16, 2013 | "Entertainment services, namely, multimedia programs in the field of general human interest, distributed via various platforms across multiple forms of transmission media; providing entertainment information regarding ongoing television programs via a global computer network; production of television programs; production of multimedia programs" in International Class 41 |
| OPRAH WINFREY NETWORK | 4526018 | May 6, 2014 | "note pads; stickers" in International Class 16 |
| OPRAH WINFREY PRESENTS BELIEF | 5114356 | January 3, 2017 | "Educational and entertainment services, namely, programs about spirituality, religion and faith accessible by means of television, satellite, audio, video, web-based applications, mobile phone applications, computer networks and other wireless communications networks" in International Class 41 |
| OPRAH WINFREY SCHOLARS PROGRAM | 6754689 | June 7, 2022 | "Providing educational scholarships" in International Class 36 |
| O (the letter O in a particular font and style) | 5348132 | December 5, 2017 | "beach towels, bath towels, textile napkin" in International Class 24. |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| O (the letter O in a particular font and style) | 5343107 | November 28, 2017 | "Collars and leashes for pets, pet clothing; tote bags and beach tote bags; handbags, duffel bags, duffel bags on wheels, luggage, luggage tags, umbrellas" in International Class 18 |

These registrations are valid and subsisting, and Registration Nos. 1726373, 2521889, 3377275, 3765841, 2638506, 3246379, 3078245, 4219210, 4321765, 4368870, 4368871 and 4526018 are incontestable under 15 U.S.C. § 1065. True and accurate copies of the aforementioned trademark registrations are attached collectively as Exhibit A.

20.     In addition to these federally registered marks, as well as a large portfolio of trademark registrations around the globe, Harpo owns common law rights in each of the trademarks identified above, as well as in all variations of OPRAH that Harpo has used in connection with entertainment and educational services, media properties, and related products and services (collectively, hereinafter, the "OPRAH and O Family of Marks").

21.     The OPRAH and O Family of Marks have been extensively advertised and promoted in various media in the United States, including through the OPRAH.COM website (https://www.oprah.com/), various mobile applications, and social media sites such as Facebook, Instagram, Twitter, and YouTube such that the public perceives the use of all OPRAH formative marks and any associated use of an O mark as an indication of source uniquely pointing to Harpo.

22.     The OPRAH mark is distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and uniquely associated by consumers with Harpo, its services and products, and Ms. Winfrey, both in the State of New York and the United States as a whole.  The OPRAH mark serves as a strong source identifier by virtue of its long use, extensive

promotion and long history with American consumers, and entitled to the widest scope of protection under federal and state anti-dilution laws.

23.     By virtue of its use and federal trademark registrations, Harpo has the exclusive right to use the OPRAH and O Family of Marks, and to prevent the use of any marks confusingly similar or dilutive thereto.

## THE OPRAHDEMICS BRAND

24.     Upon information and belief, Defendants Jackson and Rigueur began co-hosting a podcast series under the brand OPRAHDEMICS in or about the Spring of 2022.  The trailer aired on or about March 23, 2022 and the first episode aired on or about March 30, 2022.

25.     Upon information and belief, the OPRAHDEMICS podcast series aired about 15 episodes in its first season, culminating with a live event being recorded in front of a live audience at the Tribeca Film Festival in New York City on June 15, 2022.

26.     Upon information and belief, tickets were sold to this live OPRAHDEMICS event in New York, and the event was promoted on various websites and on social media. For example:





27.    Upon information and belief, Defendants Jackson and Rigueur promoted the OPRAHDEMICS podcast series, the live event and brand in general on The Brian Lehrer Show, which aired on WNYC New York Public Radio on or about July 7, 2022.

28.    Upon information and belief, Defendant Jackson promoted the OPRAHDEMICS podcast series on Good Morning America on or about May 28, 2022.

29.    Upon information and belief, Defendants Jackson and Rigueur also hosted an OPRAHDEMICS Season One Graduation event on Instagram Live on July 12, 2022.

30.    Upon information and belief, Defendants Jackson and Rigueur actively participate in and/or or control the brand's website, which is located at oprahdemics.com, a domain registered by Defendant Roulette under the name "Roulette Productions" on December 17, 2021.

31.    Upon information and belief, Defendants Jackson and Rigueur operate the Twitter account @oprahdemics and the Instagram account @oprahdemics to, *inter alia*,  promote the OPRAHDEMICS brand, the OPRAHDEMICS podcast series and the associated events.

32.    The OPRAHDEMICS brand website, the brand's Twitter account and the brand's Instagram account all feature the OPRAHDEMICS O Logo:





Trailer: Welcome to Oprahdemics

 **Oprahdemics, The Study of the Queen of Talk** @oprahdemics · Jul 9 · · ·
Join us to wrap up our first season, chat with other Oprahdemics fans, and of course get a fabulous graduation prize! Take the year-end quiz, and join us Tuesday on the @radiotopia instagram page.
radiotopia.fm/oprahdemics-se...



Kellie Carter Jackson and Leah Wright Rigueur

 oprahdemics    Message    Follow    ⌄    · · ·

25 posts    350 followers    24 following

**Oprahdemics, A Podcast**
Podcast
[oh-pruh-dem-iks] - noun - the study of The Queen of Talk // A new podcast from @radiotopia
www.radiotopia.fm/oprahdemics-season-one-final-exam

33.     Upon information and belief, the OPRAHDEMICS O Logo was also used and prominently featured at the live recorded show at the Tribeca Film Festival:



34.     Upon information and belief, Defendants are planning to release a second season of the OPRAHDEMICS podcast series in the fall of 2022.

35.     Defendants' use of the OPRAHDEMICS trademark and OPRAHDEMICS O Logo is not authorized by Harpo and was undertaken in bad faith by virtue of their intent to exploit the goodwill and reputation of Harpo's trademarks and create confusion as to the source, sponsorship and/or affiliation of the service and/or goods provided under the OPRAHDEMICS trademark and OPRAHDEMICS O Logo.  Upon information and belief, Defendants Jackson and Rigueur have also acted in bad faith by attempting to capitalize on the goodwill and reputation of Harpo's trademarks to raise their own personal and professional brands.

36.     Defendants' unauthorized use of the OPRAHDEMICS trademark has diluted and continues to dilute the distinctive quality of the famous OPRAH mark.

37.     The activities of Defendants complained of herein, which include the use of the OPRAHDEMICS trademark and OPRAHDEMICS O Logo without Harpo's consent, are also

likely to cause confusion and mistake in the minds of the consuming public, are explicitly misleading, and in particular tend to and do falsely create the impression that the OPRAHDEMICS brand and the OPRAHDEMICS O Logo are authorized, sponsored or approved by Harpo, when in fact they are not.

38.     Despite Harpo's requests, Defendants, though counsel, have refused to transition away from the dilutive and confusingly similar OPRAHDEMICS brand and Oprahdemics O Logo.

39.     Harpo has no adequate remedy at law.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c)

40.     Harpo restates and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

41.     Defendants' use of the OPRAHDEMICS trademark constitutes use in U.S. commerce of the OPRAH mark.

42.     The OPRAH mark is distinctive and famous, and it is widely recognized by the general consuming public in the United States as a designation of the source of goods and services of Plaintiff Harpo, the company owned by Ms. Winfrey, and/or those authorized or sponsored by Harpo.

43.     The OPRAH mark has been used for decades, and is so nationally and globally recognized and associated with Harpo as the source of goods and services that the OPRAH mark is entitled to be recognized as famous and distinctive under 15 U.S.C. §1125(c).

44.     The OPRAH mark has come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with Harpo and its distinctive reputation. The

purchasing public is likely to attribute to Harpo Defendants' use of the OPRAHDEMICS mark as a source of origin, authorization and/or sponsorship for the OPRAHDEMICS podcast series and associated content Defendants offer, and further subscribe to and follow such content in the erroneous belief that Defendants are associated with, sponsored by or affiliated with Harpo when in fact, Defendants are not.

45.     Harpo has not authorized or licensed the use of the OPRAH mark or the mark OPRAHDEMICS to Defendants.

46.     Defendants' unauthorized use of the OPRAHDEMICS mark dilutes the distinctive quality of the OPRAH mark and the goodwill associated with it in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(c).

47.     Defendants' acts and conduct have injured Harpo and will continue to cause immediate and irreparable injury to Harpo, to its goodwill and reputation, and to the public, and will continue to threaten such injury unless enjoined by this Court.

48.     Harpo has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)

49.     Harpo restates and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

50.     Defendants' conduct constitutes trademark infringement of Harpo's OPRAH and O Family of marks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

## THIRD CAUSE OF ACTION
### UNFAIR COMPETITION AND THE USE OF FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(C)

51.     Harpo restates and incorporates by reference each and every allegation set forth

in the foregoing paragraphs as if fully set forth herein.

52.     Defendants' conduct constitutes unfair competition and the use of false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## FOURTH CAUSE OF ACTION
### FEDERAL CYBERSQUATTING
### 15 U.S.C. § 1125(D)

53.     Harpo restates and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

54.     After the OPRAH mark was registered and achieved distinctiveness, Defendants used, registered, and trafficked in the domain name oprahdemics.com.  Defendants' domain is nearly identical and confusingly similar to the OPRAH mark.

55.     Defendants' use, registration, and trafficking in the domain name oprahdemics.com was undertaken in bad faith, and with intent to profit and deprive Harpo of the opportunity for profit.

56.     Defendants' actions have caused, and will continue to cause, irreparable harm to Harpo unless permanently enjoined.

57.     Harpo is also entitled to a transfer to it of the domain name oprahdemics.com and an injunction enjoining Defendants from registering any other domain names that are confusingly similar to the OPRAH mark.

## FIFTH CAUSE OF ACTION
### COMMON LAW TRADEMARK INFRINGEMENT

58.     Harpo restates and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

59.     Defendants' conduct constitutes trademark infringement in violation of New York common law.

### SIXTH CAUSE OF ACTION
### COMMON LAW UNFAIR COMPLETION

60.     Harpo restates and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

61.     Defendants' bad faith conduct constitutes unfair competition in violation of New York State common law.

### SEVENTH CAUSE OF ACTION
### NEW YORK STATE DILUTION
### GBL § 360-1

62.     Harpo restates and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

63.     Harpo's OPRAH mark is distinctive within the State of New York and has been for many years prior to the wrongful conduct by Defendants described above.

64.     Without authorization or license from Harpo, Defendants are using and intend to use the OPRAH mark, or designations substantially similar thereto, in a manner that impairs the distinctive quality of the OPRAH mark.

65.     The acts and conduct of Defendants alleged herein occurred after the OPRAH mark became distinctive within the State of New York and constitute dilution by blurring in violation of New York General Business Law § 360-l.

66.     Defendants' unlawful acts and conduct will cause immediate and irreparable injury to Harpo, to its goodwill and reputation, and to the public, and will continue to threaten such injury unless enjoined by this Court.  Harpo is therefore entitled to injunctive relief New York under General Business Law § 360-l.

**PRAYER FOR RELIEF**

WHEREFORE, Harpo respectfully prays that this Court enter judgment in its favor and against Defendants and provide the following relief:

1.  Entering judgment declaring that:

    a.  Defendants' use of the OPRAHDEMICS mark constitutes dilution by blurring in violation of 15 U.S.C. §1125(c);

    b.  Harpo's OPRAH and O marks have been and continue to be infringed by Defendants in violation of 15 U.S.C. §1114(1);

    c.  Defendants use of the OPRAHDEMICS mark constitutes unfair competition in violation of 15 U.S.C. §1125(a);

    d.  Defendants had a bad faith intent to profit from the OPRAH Mark and Defendants' use of oprahdemics.com constitutes cybersquatting in violation of 15 U.S.C. §1125(d);

    e.  Defendants' use of the OPRAHDEMICS mark constitutes trademark infringement and unfair competition under New York common law; and

    f.  Defendants' use of the OPRAHDEMICS mark constitutes dilution by blurring in violation of New York General Business Law § 360-l.

2.  An order prohibiting and permanently enjoining Defendants, any officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with them, from:

    a.  using the OPRAH and O Marks and any marks confusingly similar thereto, including the mark OPRAHDEMICS, whether as a standalone brand or as part of another designation of source; and

21

    b.  using the domain name oprahdemics.com and the mark OPRAHDEMICS as part of any social media account name;

3.  Requiring Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with them, to deliver up for destruction all marketing materials or other materials in their possession or control that bear the OPRAHDEMICS mark or other names or marks that infringe the OPRAH and O marks;

4.  Requiring Defendant Roulette to transfer to Harpo the domain name oprahdemics.com and any other domain names containing the OPRAHDEMICS, OPRAH and O marks;

5.  Directing Defendants to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116;

6.  Awarding Plaintiff reasonable attorneys' fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a), and other applicable law; and

7.  Granting such other and further relief as the Court deems appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  New York, New York          DORSEY & WHITNEY LLP
        August 9, 2022


                         By: /s/ *Tamara Carmichael*
                            Tamara Carmichael
                            Bruce R. Ewing
                            Fara S. Sunderji

51 West 52nd Street
New York, NY 10019
(212) 415-9200

*Attorneys for Plaintiff,*
*Harpo, Inc.*